HEARD APRIL TERM, 1878.

## CLEVELAND vs. COHRS.

The assignment of a bond secured by a mortgage carries with it the mortgage; but the assignment of a mortgage to secure the payment of a bond does not necessarily carry the bond with it.

The equitable owners of a bond and mortgage—as, for instance, the wards of a guardian to whom the bond and mortgage were given for money of the wards loaned by him to the obligor and mortgagor—may maintain an action thereon in their own names.

BEFORE COOKE, J., AT CHARLESTON, DECEMBER, 1877.

Action by Jeremiah J. C. Cleveland and Florence Cleveland, his wife, assignees of F. E. McKenzie, against Charles H. Cohrs, to foreclose a mortgage of real estate given by him to Francis E. McKenzie to secure the payment of a bond for $2,500.

The facts upon which the decision turned sufficiently appear from the opinion of the Court.

*McCrady & Son*, for appellant.

*Campbells & Whaley*, contra.

October 29, 1878. The opinion of the Court was delivered by

MCIVER, A. J. This action was brought by the plaintiffs, as assignees of F. E. McKenzie, against the defendant to foreclose a mortgage of real estate given to secure the payment of a bond. To maintain the action as assignees, it was necessary to show that the bond and mortgage had been assigned to the plaintiffs; and this the plaintiffs have failed to do. The proof shows that the *mortgage* was duly assigned to the plaintiffs, but in the assignment there is no reference whatever to the bond which it was given to secure; and there is not only no testimony tending to show any assignment of the bond, but, on the contrary, the testimony shows that it was never assigned. There was something said about the

bond being lost, but it was not sued upon as a lost bond; and, on the contrary, the allegation in the complaint is that it was duly assigned to the plaintiffs, of which, as we have said, there was no proof. We may add that we do not think that there was sufficient proof of the loss of the bond.

The rule of law is well established that the assignment of the bond carries with it the mortgage, but the assignment of the mortgage does not necessarily carry with it the bond. The bond represents the debt, while the mortgage is a mere security for the payment of such debt. One is the principal, the other is the mere accessory; and while the assignment of the principal carries with it the accessory, the assignment of the accessory does not carry with it the principal.—1 Hilliard on Mort., 236–7; 4 Kent. Comm., 1st ed., 186; Story Eq. Jur., § 1623, note; *Wright* vs. *Eves*, 10 Rich. Eq., 582; see also notes to *Ryall* vs. *Rowles*, in 2 W. & T. Lead. Ca. Eq., Part II, at page (top) 236.

It follows, therefore, that the plaintiffs could not, under the proof made in this case, maintain the action as assignees.

It appears, however, that one of the plaintiffs, Florence, and her sister, Sarah Ann, are the equitable owners of the bond, the Referee having found that it was given to Francis E. McKenzie, as guardian of Sarah Ann and Florence McKenzie, (now Cleveland,) for money in his hands as such guardian, and, under the provisions of the Code, (Pom. on Rem., § 127,) they may, as such equitable owners, bring the action; but as Sarah Ann is not a party, the judgment below cannot be sustained even in this aspect.

The judgment of the Circuit Court is set aside, with leave to the plaintiffs to amend by making the said Sarah Ann McKenzie a party, as well as the legal owner, F. E. McKenzie, if they shall be so advised.

*Willard*, C. J., and *Haskell*, A. J., concurred.